IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIANA BUSTAMANTE AND MANUEL ZAMBRANO<br><br>*Plaintiffs*,<br><br>v.<br><br>AYMAN KHALIL<br>NEDAYA KHALIL AND<br>AB-MZ-NK, LLC<br><br>*Defendants*. | )<br>)<br>)<br>)<br>) No. 22-cv-4901<br>)<br>) Amount Demanded: $100,000+<br>)<br>) Jury Trial Demanded<br>)<br>) |

## AMENDED COMPLAINT

Plaintiffs, Adriana Bustamante ("Bustamante") and Manuel Zambrano ("Zambrano") (collectively "Plaintiffs"), complain of Defendants Ayman Khalil ("Ayman"), Nedaya Khalil ("Nedaya") and AB-MZ-NK, LLC (collectively "Defendants"); and seek appropriate judicial relief, stating as follows:

### Jurisdiction

1. Bustamante is a United States permanent resident who is domiciled in, and, is therefore a citizen of Florida. Zambrano is a citizen and national of Colombia who is domiciled in Spain.

2. Ayman and Nedaya are citizens of Illinois. They are and were married to each other at all relevant times. AB-MZ-NK, LLC is an Illinois company and is a citizen of Illinois.

3. Plaintiffs seek more than $100,000 in damages, exclusive of interest and costs. Since Plaintiffs seek more than $100,000 in damages and the parties are citizens of different states than defendants, the Court has jurisdiction pursuant to 28 U.S. Code § 1332(a)(1).

4. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred within the Northern District of Illinois.

1

## BACKGROUND FACTS

5. Bustamante and Zambrano are members of AB & MZ, LLC, an Illinois limited liability company. On paper, AB & MZ, LLC is a 50/50 member/manager of AB-MZ-NK, LLC, AB-MZ-NK, Series LLC – 5429 W Augusta, AB-MZ-NK, Series LLC – 6335 S Artesian and AB-MZ-NK Series, LLC – 4121 W Jackson, Illinois limited liability companies of which Defendants are also members.

6. On or about December 12, 2015, Bustamante and Nedaya signed the Operating Agreement for AB-MZ-NK, LLC ("Company"). A copy of the agreement is attached to this complaint as Exhibit A. Although the Operating agreement provided that the company would be managed by Nedaya and AB & MZ, LLC, in practice, Nedaya and Khalil colluded to unilaterally take over management of the Company, and Khalil made most or all of the decisions of the company, including but not directing attorney Benjamin Lawrence to sue Bustamante, Zambrano and their attorneys. Nedaya and Khalil's conduct caused significant harm and damage to Plaintiffs. The Defendants have been antagonistic towards Plaintiffs from almost the very beginning of their relationship, and that antagonism continues to date.

7. When Bustamante became aware of defendants' misconduct, she hired an attorney and filed a lawsuit in the Circuit Court of Cook County, in which she asserted among others, claims for fraud, breach of fiduciary duty and judicial dissolution. A copy of the lawsuit is attached to this complaint as Exhibit B.

8. AB-MZ-NK, Series LLC – 5429 W Augusta owns or once owned a property located at 5429 W Augusta in Chicago, Illinois.

9. AB-MZ-NK, Series LLC – 6335 S Artesian owns or once owned a property located at 6335 S Artesian in Chicago, Illinois.

10. AB-MZ-NK Series, LLC – 4121 W Jackson owns or once owned a property located at 4121 W Jackson in Chicago, Illinois.

11. At relevant times, the parties agreed that no more than 5% of the rental income from the properties identified above would be spent towards operating expenses.

12. According to documents that Defendants have provided to Plaintiffs, at relevant times, Defendants sold (a) the property located on Augusta for $245,000; (b) the property located on Artesian for $259,900 and (c) the property located on Jackson for $260,000.

13. In addition, bank records show that at relevant times, the Defendants collected a total of $160,498 in rent from the property located at Artesian and $309,385 from the property located on Jackson. In sum, the Defendants have collected a total of $1,214,268.00 from the various business properties in which Plaintiffs have an interest. After subtracting the $475,000 that is due to the mortgage according to an October 19, 2019 court order that ordered dissolution of AB-MZ-NK LLC and its series AB-MZ-NK LLC Series - 5429 W Augusta, AB-MZ-NK LLC Series - 6335 S Artesian, and AB-MZ-NK LLC Series - 4121 W Jackson, the Defendants should have $739,268.00, which entitles Plaintiffs to $369,634 that should have already been distributed.

14. Since October 31, 2019, Plaintiffs have attempted on several occasions to obtain a distribution from the sale of the several properties to no avail.

15. Defendants' lack of cooperation forced Bustamante to expend a significant amount of time and resources requesting and reviewing the entities' bank records. Unfortunately, Ms. Bustamante's review of the bank records show that the Defendants have grossly mismanaged corporate assets. Specifically, Bustamante discovered a total of $341,915.77 in unauthorized or questionable expenses incurred by Defendants. These unauthorized expenses include unexplained cash withdrawals, credit card payments that are unexplained or unrelated to the businesses in any

way, payments to unauthorized real estate agents, attorneys, unknown persons, employees and/or contractors of other companies, and non-employee family members. A copy of Bustamante's affidavit is attached to this complaint is Exhibit D.

16. The review by Bustamante above also reflect unauthorized payments to Reed Smith, LLP, a law firm that attorney Benjamin Lawrence works for.

17. Defendants' conduct has caused, and is continuing to cause Plaintiffs great financial harm.

## COUNT ONE
## ACCOUNTING

18. Plaintiffs re-allege and re-assert paragraphs 1-17 as if fully set forth herein.

19. Plaintiffs are entitled, pursuant to 805 ILCS 180/10-15 and/or the operating agreement of AB-MZ-NK, LLC, copies of business records from Defendants in order to ascertain the amount of distribution that they are entitled to and to assess the financial health of AB-MZ-NK, LLC.

20. On or about May 12, 2022, Plaintiffs made a written demand for certain business records. Defendants received a copy of the demand, but have intentionally and willfully failed to fully comply with it despite multiple promises over several months to provide Plaintiffs with what they have demanded. Specifically, defendants have willfully refused to provide documents to support various transactions in what they provided which purports to be a financial statement or accounting report. The damages include, but are not limited to impairment of Plaintiffs' investments and lost business opportunities. A copy of the demand is attached to this lawsuit as Exhibit C.

21. Defendants' intentional and willful conduct has caused Plaintiffs to incur costs and attorneys' fees.

**WHEREFORE**, Plaintiffs pray that this court enter judgment on their behalf and against Defendants for actual and compensatory damages as well as costs and attorneys' fees for violation of their rights under 805 ILCS 180/10-15 and/or the AB-MZ-NK, LLC operating

agreement.

## COUNT TWO
## BREACH OF CONTRACT

22. Plaintiffs re-allege and re-assert paragraphs 1-17 as if fully set forth herein.

23. On or about 2015, Plaintiffs and Defendants entered into a valid and enforceable agreement in which the Defendants agreed to collect rents from certain properties identified above and that not more than 5% of the rent collected from the properties would be used towards operating expenses.

24. Plaintiffs substantially complied with their obligations under the agreement.

25. On or about September 2017 and continuing to present, Defendants materially breached the terms of the agreement by among other acts, incurring unauthorized expenses beyond the agreed upon limits and failure to timely issue distributions.

26. As a proximate or direct result of the Defendants' conduct, Plaintiffs suffered actual damages in excess of $100,000.

**WHEREFORE**, Plaintiffs pray that this court enter judgment on their behalf and against Defendants for actual and compensatory damages for breach of contract and for any other further appropriate relief.

## COUNT THREE
## UNJUST ENRICHMENT

27. Plaintiffs re-allege and re-assert paragraphs 1-17 as if fully set forth herein.

28. The Defendants continue to unjustly retain a benefit of substantial business proceeds to Plaintiffs detriment.

29. Defendants appreciate or have knowledge of the business proceeds, specifically, profits and Plaintiffs' capital contributions.

5

30. The defendants' acceptance and retention of the benefit under the circumstances without payment of its value violates fundamental principles of justice, equity and good conscience.

**WHEREFORE**, Plaintiffs pray that this court enter judgment on their behalf and against Defendants for actual and compensatory damages for unjust enrichment, and for any other further appropriate relief.

## COUNT FOUR
## DISTRIBUTION

31. Plaintiffs re-allege and re-assert paragraphs 1-17 as if fully set forth herein.

32. Plaintiffs are entitled to a distribution of their fair share of the business proceeds from their dealings with Defendants under both the operating agreement and general principles of equity.

33. Defendants have willfully and intentionally refused to issue any distributions to Plaintiffs to which Plaintiffs are entitled.

**WHEREFORE**, Plaintiffs pray that this court enter judgment on their behalf and against Defendants for distribution, and for any other further appropriate relief.

## COUNT FIVE
## DISGORGEMENT

34. Plaintiffs re-allege and re-assert paragraphs 1-17 as if fully set forth herein.

35. Defendants have directly, or indirectly through others, acquired money and profits that rightfully belong to Plaintiffs through unlawful means.

36. Plaintiffs are entitled to an order of disgorgement of any benefits from Defendants that they acquired through unlawful means.

**WHEREFORE**, Plaintiffs pray that this court enter judgment on their behalf and against Defendants for disgorgement, and for any other further appropriate relief.

## JURY DEMAND

37. Plaintiffs hereby demand a trial by jury of twelve pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure on all triable issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this court enter judgment on their behalf and against Defendants as follows:

A. That Plaintiffs be awarded actual and compensatory damages;

B. That Defendants be denied any money that they have misappropriated or otherwise spent without appropriate authorization;

C. That Plaintiffs be awarded reasonable attorneys' fees and costs incurred in litigating this action;

D. That a money judgment be entered against Defendants, jointly and severally; and

E. That Plaintiffs be awarded any and all appropriate relief under the circumstances.

        Respectfully Submitted

        /s/ Eric Onyango

        Eric Onyango
        One of the attorneys for Plaintiffs
        Prime Legal, LLC
        222 North Columbus Drive Suite 1507
        Chicago, IL 60601

        Salvador Cicero
        The Cicero Law Group P.C.
        171 N. Aberdeen, Ste. 400
        Chicago IL 60607