IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIANA BUSTAMANTE AND MANUEL ZAMBRANO,<br><br>      Plaintiff,<br><br>vs.<br><br>AYMAN KHALIL AND NADEYA KHALIL,<br><br>      Defendants. | Case No. 1:22-cv-04901 |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT**

Defendants Ayman Khalil ("Ayman") and Nadeya Khalil ("Nadeya") (collectively "Defendants"), pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), hereby move to dismiss the amended complaint filed by Plaintiffs, Adriana Bustamante ("Bustamante") and Manuel Zambrano ("Zambrano") (collectively "Plaintiffs"). In support of their motion, Defendants states as follows:

**I.    INTRODUCTION**

The amended complaint does not properly allege subject matter jurisdiction. Plaintiffs' purported claims are not based on Federal law, and the amended complaint does not properly allege complete diversity.

In addition, the amended complaint fails to state a claim. All of the Plaintiffs' purported claims arise from the operation and management of AB-MZ-NK, LLC ("Company"), in which Plaintiffs' have no direct interest. The amended complaint alleges that "AB & MZ, LLC is a 50/50 member/manager of AB-MZ-NK, LLC" (and its series LLCs) and the Defendants are also members. (Cmplt. ¶ 5.) Plaintiffs are not members of AB-MZ-NK, LLC; they are at best members of the Company's member. (*Id.*)

1

Furthermore, the amended complaint does not allege that either Ayman or Nadeya was a manager of the Company, and it is impossible to determine from the Complaint what duty, if any, was owed by either of them or what wrong they allegedly committed. Pursuant to the state court's order entered on October 31, 2019 (a copy of which is attached hereto as Exhibit A), Nadeya Khalil was appointed to wind up the Company. Plaintiffs have not alleged anything improper in connection with the wind-up.

## II.　ARGUMENT

The Complaint consists of five counts. Count I purports to state a claim against Defendants 805 ILCS 180/10-15. Count II purports to state a claim for breach of contract. Count III purports to state a claim for unjust enrichment. And Count IV purports to state a claim to compel a distribution. Count V seeks an order of disgorgement regarding benefits acquired by Defendants.

The amended complaint should be dismissed for lack of subject matter jurisdiction or failure to state a claim.

### A. The Amended Complaint does not allege complete diversity among the parties.

Without leave of court, the amended complaint purports to add AB-MZ-NK, LLC as a party to the action. Pursuant to Fed.R.Civ.P. 21, parties cannot be added as a matter of course without obtaining leave of court. AB-MZ-NK, LLC was improperly added as a purported party defendant.

Assuming that AB-MZ-NK, LLC is properly made a party, the amended complaint does not allege the constitute members of the limited liability company. Paragraph 2 alleges that "AB-MZ-NK, LLC is an Illinois company and is a citizen of Illinois." Limited liability companies, however, do not have citizenship. Among its alleged members is AB & MZ, LLC, another limited liability company for which Plaintiffs do not provide complete information. (Am.Cmplt. ¶ 5.)

2

Plaintiffs state that "Bustamante and Zambrano are members of AB & MZ, LLC" but they do not state whether there are any other members. (*Id*.) Similarly, Plaintiffs state that "Defendants are also members of AB-MZ-NK, LLC" but they do not state whether there are any other members. (*Id*.)

### B. Plaintiffs have no standing under 805 ILCS 180/10-15 (Count I).

Count I purports to assert rights under 805 ILCS 180/10-15. It alleges that "Plaintiffs made a written demand for certain business records," and that Defendants "failed to fully comply with it." (Am. Cmplt. ¶ 20) It also requests "actual and compensatory damages." Plaintiffs have not stated a claim under that statutory provision, or a right to the requested relief.

.Section 10-15(a) provides that <u>members</u> of the Company have a right to request records. Plaintiffs are not members. Moreover, the obligation to respond to a proper demand, if any, would be on the Company, not Defendants Ayman Khalil and Nadeya Khalil. Count I improperly includes and is misdirected against Ayman Khalil and Nadeya Khalil.

Additionally, Section 10-15(j) provides that "the person entitled to the information may file an action to compel the company to provide the information." It does not provide for recovery of actual and compensatory damages.

In any event, Count I does not allege any plausible claim for damages on account of Defendants' purported failure to provide records. Plaintiffs alleged nothing more than the conclusory assertion that they suffered "impairment of Plaintiffs' investments and lost business opportunities." (Am. Cmplt. ¶ 20)

Count I should be dismissed for failure to state a claim against Defendants.

### C. The complaint does not properly allege a breach of contract claim (Count II).

Count II alleges Plaintiffs and Defendants agreed that "not more than 5% of the rent collected from the properties would be used towards operating expenses." (Am. Cmplt. ¶ 23.) It is implausible on its face that the Company's operating expenses would be no more than 5% of rent collected. Leaving that absurdity aside, Plaintiffs do not have standing to assert the purported claim. The injured parties, if any, would be the members of the Company, and Plaintiffs are not members of the Company.

Additionally, Count II does not allege that the purported amounts spent "beyond the agreed upon limits" were not for legitimate operating expenses, and it does not explain how Defendants Nadeya Khalil and Ayman Khalil would be liable for the Company's breach.

In any event, assuming or the sake of argument that the Company made "unauthorized" expenditures, the proper remedy would be derivative action on behalf the Company. Plaintiffs have not satisfied any of the requirements to bring a derivative action. Pursuant to 805 ILCS 180/40-5, an action "in the right of a limited liability company" cannot be brought by anyone who is not a member. Moreover, Plaintiffs improperly assert the claim in their own name, not on behalf of the Company. *Stevens v. McGuireWoods LLP*, 2015 IL 118652, P15 ("derivative claims always and only belong to the corporation on whose behalf they are brought, and any damages awarded in a derivative suit flow exclusively and directly to the corporation, not to the nominal plaintiffs"; "these principles also have been codified in the Limited Liability Company Act, … once the costs of bringing a derivative suit are paid, everything recovered belongs to and remits to the LLC, *not* to the nominal plaintiffs").

Count II should be dismissed for failure to state a claim.

**D. The complaint does not properly allege a claim for unjust enrichment (Count III).**

Count III is completely devoid of any details regarding the "benefit" that Defendants allegedly received and retained "to Plaintiffs detriment." (Am. Cmplt. ¶ 28.) While the amended complaint alleges that there were "a total of $341,915.77 in unauthorized or questionable expenses," it does not allege that any of those amounts were paid to or received by Defendants Nadeya Khalil or Ayman Khalil. (Am. Cmplt. ¶ 15.) It is difficult to imagine a claim more conclusory. Count III does not satisfy even the most liberal interpretation of notice pleading.

Count III should be dismissed for failure to state a claim.

**E. The complaint does not properly allege a claim for "distribution" (Count IV).**

Count IV does not properly allege any basis upon which the Defendants Nadeya Khalil and Ayman Khalil could be compelled to make a distribution. A distribution, if any, could only be made once the affairs of the Company are wound up, and in any event, under no circumstances are Defendants personally obligated to make a distribution. The claim, if any, would have to be made against the Company, not Defendants Nadeya Khalil and Ayman Khalil.

Moreover, Ayman Khalil has no power or authority to make a distribution. Pursuant to the state court's order entered on October 31, 2019 (a copy of which is attached hereto as Exhibit A), Nadeya Khalil was appointed to wind up the Company. Plaintiffs do not allege any wrongdoing or dereliction of duty on the part of Nadeya Khalil. At a minimum, Ayman Kahlil should be dismissed from Count IV as well as the other counts.

**F. The complaint does not properly allege a claim for disgorgement (Count V).**

Count V is completely devoid of any details regarding the "money and profits" that Defendants Nadeya Khalil and Ayman Khalil allegedly acquired and that "rightfully belong to

Plaintiffs." (Am. Cmplt. ¶ 35.) While the amended complaint alleges that there were "a total of $341,915.77 in unauthorized or questionable expenses," it does not allege that any of those amounts were paid to or received by Defendants Nadeya Khalil or Ayman Khalil. (Am. Cmplt. ¶ 15.) It is difficult to imagine a claim more conclusory. Count V does not satisfy even the most liberal interpretation of notice pleading.

Count V should be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court enter an order dismissing Plaintiffs' amended complaint filed in this action.

**AYMAN KHALIL AND NADEYA KHALIL**

By: /s/ Lawrence M. Benjamin

Lawrence M. Benjamin (619647)
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400
lbenjamin@reedsmith.com
rsalldocketing-chi@reedsmith.com

6

## **CERTIFICATE OF SERVICE**

Lawrence M. Benjamin, an attorney, hereby certifies that he caused a true and correct copy of **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to be served via the court's e-filing system and by e-mail on December 15, 2022 on or before 5:00 p.m.:

| | |
|---|---|
| Eric Onyango | Salvador Cicero |
| Prime Legal, LLC | The Cicero Law Group P.C. |
| 222 North Columbus Drive | 171 N. Aberdeen |
| Suite 1507 | Suite 400 |
| Chicago, IL 60601 | Chicago, IL 60607 |

*/s/ Lawrence M. Benjamin*
Lawrence M. Benjamin