# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BUSTAMANTE, *et al.*,<br>      Plaintiffs<br><br>     v.<br><br>KHALIL, *et al.*,<br>      Defendants | No. 22 CV 4901<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendants' motions to dismiss for lack of subject matter jurisdiction [R. 14; R. 25] are granted. The plaintiffs' motion for alternative service upon Defendant AB-MZ-NK, LLC [R. 22] is denied as moot.

## STATEMENT

Plaintiffs Adriana Bustamante and Manuel Zambrano filed a complaint against Defendants Ayman Khalil and Nadeya Khalil. After these defendants filed a motion to dismiss, the plaintiffs amended their complaint, adding Defendant AB-MZ-NK, LLC ("AB-MZ-NK") as a party. (R. 13.)[1] The plaintiffs filed their amended complaint within twenty-one days of the defendant's motion to dimiss, which is within the period for amending as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). The amended complaint seeks access to AB-MZ-NK's business records, pursuant to 805 ILCS 180/10-15 and/or its operating agreement (count I), asserts breach of contract (count II), and unjust enrichment (count III) claims, and claims entitlement to distribution of AB-MZ-NK's profits (count VI). The defendants have filed motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure Rules 12(b)(1) (subject matter jurisdiction) and (b)(6) (failure to state a claim). (R. 14; R. 25.)

"Subject matter jurisdiction is the first question in every federal case," and so the Court starts there. *Galaxy Precision Mfg., Inc. v. Grupo Indus. San Abelardo S.A. de C.V.*, No. 21 C 84, 2022 WL 1908978, at *3 (N.D. Ill. June 3, 2022). The amended complaint asserts that the Court has diversity jurisdiction under 28 U.S.C § 1332(a)(1) because the parties are citizens of different States and the amount in controversy exceeds $75,000. (R. 13 ¶ 3.) The defendants argue that the plaintiffs have failed to allege complete diversity. (R. 14 at 2; R. 25 at 1.) The Court agrees.

---

[1] For CM/ECF filings, the Court cites to the page number(s) set forth in the document's CM/ECF header unless citing to a particular paragraph or other page designation is more appropriate.

"The familiar rule of complete diversity requires that, in most instances, for a federal court to exercise jurisdiction in diversity no plaintiff may be a citizen of the same state as any defendant." *Smith v. Merck & Co.*, 472 F. Supp. 2d 1096, 1098 (S.D. Ill. 2007). Here, the plaintiffs, who are considered citizens of Florida and Spain for jurisdiction purposes, *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993), initially filed suit against only Defendants Ayman and Nadeya Khalil, who are citizens of Illinois. (R. 1 ¶ 2.) The plaintiffs destroyed complete diversity by adding AB-MZ-NK as a defendant because as an LLC, it is imputed the citizenship of its members. *Calchi*, 2023 WL 3863355, at *4.

"Unlike a corporation, which is a citizen of one or two states, an LLC can be a citizen of lots of states. It all depends on how many members it has, and where they are citizens." *Id.* "Sometimes the members of an LLC are themselves LLCs. In that case, district courts must continue to drill down until they hit jurisdictional bedrock (meaning a corporation or a natural person)." *Id.* at *5.

In this case, AB-MZ-NK's members are AB-MZ, LLC and Defendant Nadeya Khalil. (R. 13 ¶¶ 5-6; R. 13-1 at 15.) Since AB-MZ, is, itself, an LLC, the Court must continue to drill down and look to the citizenship of that entity to determine whether the parties are completely diverse. The members of AB-MZ consists of two natural persons—the plaintiffs, which makes AB-MZ a citizen of Florida and Spain for purposes of diversity jurisdiction. (R. 13 ¶ 5.) Because AB-MZ is a member of AB-MZ-NK, its citizenship, along with Defendant Nadeya's, is imputed to AB-MZ-NK. Accordingly, AB-MZ-NK is considered a citizen of Florida, Spain, and Illinois for jurisdiction purposes.

The plaintiffs, citing *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), argue that one should not consider the citizenship of the "limited liability companies" for purposes of diversity jurisdiction because they are only "nominal and formal parties." (R. 28 at 4.) But *Navarro* involved a trust, not an LLC. 446 U.S. at 462 ("But this case involves neither an association nor a corporation. Fidelity is an express trust, and the question is whether its trustees are real parties to this controversy for purposes of a federal court's diversity jurisdiction."); *see White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011) ("Businesses organized as trusts don't have their own citizenship; they take the citizenship of the trustee (or citizenships, if there are multiple trustees). Limited partnerships, limited liability companies, and similar organizations also are disregarded for jurisdictional purposes. For an LP, LLC, or similar organization, the citizenship of every investor counts.") (citations omitted). Because "every investor counts" when determining the citizenship of an LLC, and because the plaintiffs are investors in AB-MZ, which is an investor in AB-MZ-NK, the complaint fails to allege complete diversity and is accordingly, dismissed. *See, e.g.*, *Galaxy Precision Mfg.*, 2022 WL 1908978, at *6.

Because the Court concludes that the complaint cannot proceed under Rule 12(b)(1), it does not address the defendants' alternative 12(b)(6) arguments. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (explaining that if the court concludes that it lacks subject matter jurisdiction, it must dismiss the claim in its entirety).

For the foregoing reasons, the defendants' motions to dismiss are granted. The Court also denies the plaintiffs' motion for alternative service as moot.

Date: 1/4/2024

JEREMY C. DANIEL
United States District Judge